**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Matthew Bennett,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn,<br><br>    Respondent. | No. CV-20-00181-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge James F. Metcalf's Report and Recommendation ("R & R") (Doc. 22) recommending that Joseph Matthew Bennett's Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied and dismissed with prejudice. Petitioner filed an Objection to the R & R. (Doc. 23.) Respondents filed a response. (Doc. 25.) For the reasons that follow, the Court overrules the Objection and adopts the Magistrate Judge's recommendation for dismissal of the Petition.

**I.    STANDARD OF REVIEW**

When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, "it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (*quoting* 28 U.S.C. § 2254). When reviewing a Magistrate Judge's R & R, this Court reviews *de novo* those portions of the report to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). District

courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II.   BACKGROUND

In January 2015, Petitioner was convicted of attempted trafficking in stolen property and theft. (*See* Doc. 22 at 2; Doc. 14-1 Ex. E.) Petitioner was sentenced to aggravated, concurrent 15-year sentences on both charges. (*Id.*) Petitioner filed a direct appeal, arguing that the property value was insufficient to support the degree of the theft charge. (Doc. 14-1 Ex. J.) On August 18, 2016, the Arizona Court of Appeals denied Petitioner's appeal and affirmed his conviction and sentences. (*Id.*)

Petitioner filed a Notice of Post-Conviction Relief ("PCR") on September 1, 2016. (Doc. 14-1 Ex. K.) Then, Petitioner filed his *pro se* PCR petition, claiming ineffective assistance of counsel. (Doc. 14-1 Ex. M.) After oral argument, the court amended Petitioner's sentence to reflect that his sentence was "not flat time." (Doc. 14-1 Ex. W.) Petitioner did not seek review.

On April 6, 2018, Petitioner filed a Petition for Review with the Arizona Supreme Court. (Doc. 14-1 Ex. X.) On September 5, 2018, the Arizona Supreme Court[*] dismissed the petition as filed in the wrong court and untimely. The Petition was dismissed "without prejudice to Mr. Bennett requesting the superior court's permission to file a delayed petition for review in the Court of Appeals." (Doc. 14-1 Ex. Y.)

Petitioner next filed a Petition for Writ of Habeas Corpus with the Arizona Supreme Court. (Doc. 14-1 Ex. Z.) The Arizona Supreme Court construed this petition as a PCR and dismissed, finding that Petitioner failed to present his claims to the superior court and the Court of Appeals. (Doc. 14-1 Ex. AA.)

Petitioner filed the current Petition on January 23, 2020 pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents filed a limited answer (Doc. 14), and Petitioner replied. (Doc. 19.) The R & R concludes that the limitations period commenced on March 17, 2018 and expired on March 16, 2019, thus making Petitioner's January 23, 2020 Petition more

---

[*] In its restatement of the facts, the R & R incorrectly referred this court as the Arizona Court of Appeals. (Doc. 22 at 3.)

- 2 -

than nine months late. (Doc. 22 at 14.) Moreover, the R & R concludes Petitioner has not shown any basis for equitable tolling. (*Id.*)

## III. REQUIREMENTS FOR FEDERAL HABEAS REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §§ 2244(d)(1)(A)–(D). The time "during which a properly filed application for State post-conviction review" is "pending shall not be counted" against the 1-year period. 28 U.S.C. § 2244(d)(2).

The one-year deadline in § 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Id*. at 649 (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (internal citations omitted, alterations in original).

## IV. PETITIONER'S OBJECTIONS

Petitioner first asserts that he was without his property until "the end of March 2018." (Doc. 23 at 1.) Petitioner's objections here are repetitive of arguments made to the

Magistrate Judge. (*Compare id. with* Doc. 19 at 4, 5). As the R & R found, the limitations period commenced on March 17, 2018, so any delay in a return of Petitioner's personal property until "the end of March" does not excuse Petitioner's nine-month delinquency. This objection is overruled.

Petitioner also objects to the date the R & R states that his conviction became final. (Doc. 23 at 4.) The R & R concludes in Petitioner's favor that he could seek PCR review on an oral decision in court correcting a sentencing error through March 16, 2018. (Doc. 22 at 5–7.) Petitioner posits that his conviction was not final as of September 5, 2018, because the Arizona Supreme Court dismissed his PCR petition "without prejudice." (Doc. 23 at 4.) But his PCR, or post-conviction reviews, do not change the date on which Petitioner's conviction became final. *See* Ariz. R. Crim. P. 32.1 (allowing a defendant to file a notice requesting post-conviction relief once the defendant was convicted and sentenced). This objection is accordingly overruled.

Petitioner next argues that the R & R errs in concluding that he did not seek leave to file a delayed appeal. (Doc. 23 at 2.) Citing an affidavit that he drafted and signed, Petitioner asserts he "wrote a letter to the Clerk of the Superior Court approximately four months later inquiring as to the status of the motion for leave, but never received a reply." (*Id.*) It was Petitioner's responsibility to file a motion requesting leave to file a delayed appeal, and Petitioner's letter to the Clerk of the Superior Court is not the same as a motion. Petitioner also claims he filed a motion for an extension of time in the superior court before he filed his petition for review. (*Id.*) He also claims he filed a motion for leave to file a delayed petition for review after his Petition was dismissed as filed in the wrong court and untimely. Petitioner provides no supporting evidence besides his own self-serving affidavit to prove he made these filings. Additionally, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, this objection is overruled.

Finally, Petitioner asserts that the Arizona Supreme Court improperly denied his

habeas petition under Article VI, Section 5 of the Arizona Constitution and Arizona Rule of Criminal Procedure 32.3. (Doc. 23 at 3–5.) But the Arizona Supreme Court has promulgated a rule, Supreme Court Rule 1(b)(1), cited to Petitioner in its October 24, 2019 Order, that states:

> When an application is made to this court for a writ of . . . habeas corpus. . . to be issued in the exercise of its original jurisdiction, and such application might have been lawfully made to a lower court in the first instance, the affidavit or petition, in addition to the matters required by law to support the application, shall also set forth the circumstances which in the opinion of the applicant render it proper that the writ should issue originally from this court and not from such lower court. If the court finds such circumstances insufficient, the court will on that ground refuse to order issuance of the writ.

Supreme Court Rule 1(b)(1). Here, Petitioner's application for a writ of habeas corpus ostensibly sought the Arizona Supreme Court's original jurisdiction, but because it could have been lawfully made to a lower court, and Petitioner did not set forth circumstances which rendered original jurisdiction proper, his petition was properly denied. *Id.* Even assuming Petitioner was entitled to equitable tolling for the five months while this Petition was pending, Petitioner's untimeliness is still uncured. Petitioner is untimely by nine months; at most, the Arizona Supreme Court delay was five months—so applying equitably tolling would not render the Petition timely. (Doc. 22 at 12.) Accordingly, this objection is overruled.

In sum, the Court has reviewed the R & R *de novo* in light of Petitioner's specific objections. The Court has independently reached the conclusion that the habeas petition was untimely for the same reasons presented in the R & R. The Court therefore accepts the R & R (Doc. 22) and overrules Petitioner's Objection (Doc. 23).

V.   **CERTIFICATE OF APPEALABILITY**

Petitioner must obtain a certificate of appealability before he may appeal this Court's judgment. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. This Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing

Section 2254 Cases. A certificate of appealability may only issue when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing that denying the petition as untimely under these facts would deny him a constitutional right. Therefore, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

Accordingly, having reviewed Petitioner's objections,

**IT IS ORDERED** that the Report and Recommendation (Doc. 22) is **accepted.**

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied and dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability because, for reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right, a point on which reasonable jurists could not disagree. 28 U.S.C. § 2253(c)(2).

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment terminating the case.

Dated this 19th day of October, 2021.

Michael T. Liburdi
United States District Judge